UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States, | |
| –v– | 13-cr-777 (AJN) |
| John William Cook, Jr. | ORDER |
| Defendant. | |

The Court has received the attached letter from Mr. Cook. The Court informs Mr. Cook that the government did file a response in opposition to his motion on October 14, 2020. *See* Dkt. No. 193. The Court extends Mr. Cook's time to reply to the government's motion from November 4, 2020 to November 26, 2020.

The Clerk of Court is respectfully directed to mail this Order and the government's response, Dkt. No. 193, to the Defendant.

SO ORDERED.

Dated: November 12, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

Part I

October 28, 2020

Honorable Alison J. Nathan
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

1:13-CR-00777 (AJN)

Re: United States v. John William Cook Jr.

Dear Judge Nathan:

On September 21, 2020, Mr. Cook filed a pro se Motion in this Court seeking Compassionate Release due to the unforeseen and new circumstances presented by the COVID-19 pandemic case. (No. 1:13-CR-00777 (AJN), Document 191.)

On October 5, 2020, this Court issued a Motion Scheduling Order requiring the Government to respond to Mr. Cook's pro se Motion for Compassionate Release by no later than October 14, 2020, and Mr. Cook was to reply to the Government's Response by November 4, 2020.

As of October 27, 2020, 13 days beyond the scope of response days provided to the Government, Mr. Cook contacted the Clerk's Office for the United States District Court Southern District of New York, and was informed that as of this day, October 27, 2020, there has been no Response Brief filed and there has been no extension requested by or granted to the Government.

Subsequently, the same remains today, October 28, 2020, the date in which this forthcoming letter is drafted.

The Government's Failure to Respond

Failure to oppose a pending Motion may be fairly construed as a lack of opposition to the requested relief or as a waiver of the party's right to be heard in connection with the Motion. See: TCPIP Holiday Co. v. Haar Communications Inc., 2004 U.S. Dist. LEXIS 13543, 2004 WL 16209504 (S.D.N.Y. 2004) failure to respond to the Motion and not contacted the Court to request an extension of the deadline to file a Response to the Motion. Accordingly, Mr. Cook's Motion for Compassionate Release should be GRANTED on the grounds that it is unopposed.

Furthermore, District Courts have found, "that where a non-Movant fails to respond to a Motion ... its failure to contest ... will weigh against it." See: Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Jung Sun Laundry Group Corp., No. 08-CV-2771 (DLI) (RUM), 2009 U.S. Dist. LEXIS 20926, 2009 WL 704723 at 5 (E.D.N.Y. March 16, 2009) (finding that failure to respond to Motion ... weighed against non-Movant party).

Moreover, Mr. Cook notes that the Government has failed to offer any meaningful argument whatsoever in response to Defendant's Motion for Compassionate Release, and District Courts in this Circuit have found that a Government's failure to respond to contentions raised in a Motion constitutes

and requires that any facts asserted in that Motion to be deemed admitted. See: T.Y. v. N.Y. City Dept. of Education, 584 F.3d. 412, 418 (2d. Cir. 2009) ("A non-moving party's failure to respond to ... permits the Court to conclude that the facts asserted in the statement are uncontested and admissible"). Thus, the Government's failure to respond to the Defendant's Motion for Compassionate Release lightens the burden on the Motion to one that is merely modest.

Finally, implied in the above-stated burden-shifting standard is the fact that, where a non-Movant fails to respond to a Motion ... A District Court has no duty to potion by default," Loen v. Kolb, supra. Accordingly, Cook's Motion for Compassionate Release should be GRANTED on the grounds that it is unopposed.

Since Mr. Cook's filing for Compassionate Release, there has been an outbreak of infected inmates at FCI Fort Dix. Since Mr. Cook's initial motion, 165 inmates and 6 officers have tested positive COVID-19.

Respectfully submitted,

*John Cook*          Date: Oct 28, 2020

John Cook, Defendant