USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/9/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

United States of America,

–v–

John William Cook, Jr.,

Defendant.

---

13-cr-777 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

On September 21, 2020, Defendant John William Cook, Jr. filed a *pro se* emergency motion seeking Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, his motion is DENIED.

I. **Background**

Mr. Cook was convicted by a jury on April 25, 2014 of conspiring to distribute 500 grams or more of cocaine and 100 grams or more of heroin, and of possessing a firearm in connection with that offense. *See* Trial Transcript at 688-90 (Dkt 71). Mr. Cook obtained and possessed a firearm in connection with a plot to rob drug dealers. *See* Sent. Tr. at 10 (Dkt 119). Prior to the attempt, Mr. Cook was recorded on tape discussing his plans to shoot and potentially kill the armed robbery victims. *See id.* at 11. On December 16, 2014, the Court sentenced Mr. Cook to 240 months imprisonment followed by five years of supervised release. *See id.* at 14.

On September 21, 2020, Mr. Cook filed in the instant motion for Compassionate Release, arguing that he is at an elevated risk of contracting and suffering serious complications from COVID-19 while incarcerated as a result of his underlying medical condition. *See* Def Mot.

(Dkt 191). Mr. Cook, who is 44 and African American, explains that, because his body mass index is 35, he is obese, and the Center for Disease Control has determined obese persons are a heightened risk of suffering serious illness as a result of the virus that causes COVID-19. *See id*. He also explains that the prison facility in which he is incarcerated has had an outbreak of cases due to the inability to social distance and practice proper hygiene techniques that prevent the spread of viruses. *Id.* The government filed a response letter on October 14, 2020, arguing against Mr. Cook's release on various grounds. *See* Govt. Response (Dkt 193). On November 25, 2020 Mr. Cook filed a reply. *See* Reply (Dkt 197).

## II. Discussion

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). The compassionate-release statute creates one such exception: It allows a court to "reduce" a term of imprisonment, after considering the factors set forth in 18 U.S.C. § 3553(a), if "it finds that ... extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). Under the recently enacted First Step Act, defendants serving their sentence may move the Court for compassionate release. *See United States v. Gotti*, No. 02-cr-743, 2020 WL 497987, at *1 (S.D.N.Y. 2020); *United States v. Gross*, No. 15-cr-769, 2020 WL 1673244, at *2 (S.D.N.Y. 2020).

In order to be eligible for a reduction in his term of imprisonment under 18 U.S.C. § 3553(a), Mr. Cook must show that he has "extraordinary and compelling reasons" warranting such a reduction. The Second Circuit has recently held that the Sentencing Commission's

policy statement §1B1.13 Note 1(D), which instructs that the power to determine what reasons are extraordinary and compelling remains exclusively with the Bureau of Prisons director, is no longer applicable.  *See United States v. Brooker*, 2020 WL 5739712 at *6, --- F.3d --- (2020). Therefore, this Court may "independently [] determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling.'"  *Id.* at *5.

      Mr. Cook argues that his medical condition of obesity qualifies as an extraordinary and compelling reason for release given the COVID-19 pandemic.  As the government does not contest, Mr. Cook is obese with a body mass index of 35.  The CDC has determined that adults "with [obesity, defined by a BMI of 30 or higher] are at increased risk of severe illness form the virus that cause COVID-19."  *See*  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html.  Moreover, the Court agrees with Mr. Cook that being incarcerated increases the risk of exposure to the virus because inmates are kept in close quarters and may be less able to maintain adequate social distancing and hygiene practices.  Indeed, as the government also does not contest, the facility in which Mr. Cook currently resides has had several dozen confirmed cases (though the government explains in detail the efforts made by the Bureau of Prisons to curb infections and argues that those measures have been effective).

      But the Court need not determine whether Mr. Cook's underlying condition qualifies as an "extraordinary and compelling reason" for compassionate release, because even if it were, the Court would not grant Mr. Cook's motion.  Presenting an extraordinary and compelling reason is only one requirement for a reduction in one's prison sentence under 18 U.S.C. § 3553(a).  *See*

*United States v. Ebbers*, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020). The Court must also determine that granting release is consistent with the factors set forth in 18 U.S.C. § 3553(a) and the applicable policy statements of the Sentencing Commission to determine if release is appropriate. *See* 18 U.S.C. § 3582(c)(1)(A). In light of these factors and policy statements, the Court determines that releasing Mr. Cook would be inappropriate.

The Court first considers whether, consistent with the "applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A), releasing Mr. Cook from incarceration would impose "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Mr. Cook is currently serving time for his involvement in a plan to commit armed robbery of individuals engaged in drug trafficking. Mr. Cook obtained a firearm as part of the plan, which he was armed with when the police foiled the attempt. He was also recorded on multiple occasions prior to the attempt indicating a willingness to shoot and possibly kill the would-be victims. Furthermore, prior to the instant offense, Mr. Cook was convicted of aggravated manslaughter and possession of a firearm for an unlawful purpose, for which he served ten and five years respectively. The Court therefore finds that Mr. Cook's criminal history indicates that he would pose a significant risk of danger to the community if he were prematurely released from incarceration.

The Court also must consider whether granting a reduction in Mr. Cook's sentence would "reflect the seriousness of the offense . . . promote respect for the law . . . provide just punishment for the offense" and "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A), (B). Because Mr. Cook has only served approximately 84 months of his 240-month sentence, releasing Mr. Cook at this time would be result in a significant reduction of his sentence and would fall well below the original guidelines range of 228 to 270 months. Sent. Tr.

at 8 (Dkt 119). As the Court explained at sentencing, Mr. Cook was convicted of "a very serious crime" and as such "a very serious sentence is required." *Id*. at 10. To release Mr. Cook at this juncture would cut strongly against the Court's stated purpose of promoting respect for the law, providing a just punishment, and deterring Mr. Cook and others from engaging in this type of behavior in the future.

### III.     Conclusion

The Court recognizes the serious risk to Mr. Cook's health posed by his state of incarceration during the current pandemic and the hardship that he and similarly situated inmates are facing during this time. In Mr. Cook's case, release pursuant to 18 U.S.C. 3533(a) is nonetheless inappropriate for the reasons articulated above. Defendant's motion for compassionate release is therefore DENIED.

The Clerk is respectfully directed to mail this Memorandum Opinion and Order to the Defendant.

SO ORDERED.

Dated: December 9, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge